**FILED**
SEP 11 2008
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER R. WELCH, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. **08 CV 531 JHP SAJ** |
| VALMONT INDUSTRIES, INC., | ) ATTORNEYS' LIEN CLAIMED |
| Defendant. | ) FOR THE FIRM |

## COMPLAINT

COMES NOW, the Plaintiff, Jennifer R. Welch, by and through her attorney of record, David R. Blades of Armstrong & Lowe, P.C. and for her cause of action shows the Court as follows:

### JURISDICTION

This Court has jurisdiction pursuant to 28 USC § 1331 in that the Plaintiff's complaint raises a federal question. Specifically, the violation of 42 USC § 2000e.

### STATEMENT OF THE CASE

1. At all relevant times the Plaintiff was a resident of the State of Oklahoma and an employee of the Defendant.

2. That the Plaintiff began employment with the Defendant on or about October 10, 2007 as a Welder II.

3. That the Defendant is a business entity which effects interstate commerce and has a principal place of business in Tulsa County, State of Oklahoma.

4. That shortly after the beginning of her employment, the Plaintiff's supervisor began making demands for sexual favors from the Plaintiff.

5. That Plaintiff rejected such demands and attempted to report the advances to the



Defendant's Human Resources Department.

6. No actions were taken to remediate the actions of the supervisor and the Plaintiff's employment was terminated on or about January 19, 2008.

7. The Plaintiff filed her administrative charge with the Equal Employment Opportunity Commission, exhausted her administrative remedies and received her Notice of Suit Rights.

## I.
### SEXUAL HARASSMENT

8. The Plaintiff incorporates paragraph 1-8 by reference herein.

9. The Plaintiff was subjected to unwanted sexual advances that were severe and pervasive that altered the working conditions of the environment.

10. That because the Plaintiff rejected her supervisor's sexual advances she was terminated.

11. That at all times the Defendant's conduct was intentional, malicious or done with reckless disregard of the Plaintiff's rights.

12. As a result of the Defendant's actions the Plaintiff suffered harm.

## II.
### RETALIATION

13. The Plaintiff incorporates paragraphs 1-12 by reference herein.

14. That the Plaintiff engaged in protected activity when she reported the sexual harassment visited on her.

15. That because of the Plaintiff's protected activity she suffered an adverse employment action; namely she was terminated.

16. In the alternative, should it be determined that the Defendant did not expressly

terminate the Plaintiff; the Plaintiff asserts that she was constructively discharged in that Defendant made the working conditions so intolerable that a reasonable person would have no choice but to resign her employment.

17. At all times the Defendant's actions were intentional, malicious and done with reckless disregard of the Plaintiff's rights.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendant for back pay; front pay; compensatory damages including, but not limited to, damages for emotional pain and suffering; punitive damages; the cost of the action including a reasonable attorneys' fee; and other relief the Court deems just and equitable.

Respectfully submitted,

David R. Blades, OBA #15187
Armstrong & Lowe, P.C.
1401 South Cheyenne
Tulsa, Oklahoma 74119
(918) 582-2500 - Telephone
(918) 583-1755 - Facsimile
dblades@armstronglowe.com
*Attorneys for Plaintiff*